IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES K. BREMEL,

                Plaintiff,

v.

JOHN DOE PROPERTY SERGEANT,
JOHN DOE ENTRY TEAM,
JOHN DOE CORRECTIONS OFFICER,
TANYA BONSON, REBECCA TRACY,
JOHN DOE SUPERVISOR,
JOLINDA WATERMAN, and BETH EDGE,

                Defendants.

OPINION AND ORDER

17-cv-347-wmc

*Pro se* plaintiff James K. Bremel is proceeding in this matter[1] on an Eighth Amendment excessive force claim and on an Eighth Amendment deliberate indifference to medical needs claim against defendants. (Dkt. 4 at 14.) Bremel asks the court for guidance after receiving a letter from counsel for defendant Tanya Bonson asking Bremel to respond to written discovery and to sign a medical records release authorization. (Dkt. 24-1.) Bremel attaches his responses to Bonson's discovery requests and an unsigned copy of a release form authorizing the disclosure of protected health information related to his "physical or mental condition," and reports that he has sent copies of these materials to defendants. (Dkt. 24-2 at 1, 24-3.)

Right now, there is nothing the court can do or should do except to encourage Bremel to keep plugging away at discovery. Bremel has responded to Bonson's discovery requests as best he can, so that's a start.

---

[1] On January 23, 2020, the court consolidated Bremel's two cases, 17-cv-347-wmc and 17-cv-348-wmc, under Case No. 3:17-cv-347-wmc. (Dkt. 4 at 2.)

Bremel may be confused about the "Authorization and Informed Consent" form that he sent in with his letter to the court. Bonson wants to look at Bremel's medical records, which are relevant to Bremel's claims in this lawsuit. This court does not force parties to disclose confidential medical records in a lawsuit if they choose not to, but that choice has consequences. If Bremel wants to pursue his deliberate indifference claim against Bonson (a claim that is directly related to his hand injury and the treatment he received for it), then Bremel must sign the form. If Bremel chooses not to allow Bonson to see his medical records, then this court probably will dismiss this claim against Bonson. *See* Fed. R. Civ. P. 41(b).

Finally, I note that Bremel did not file an amended complaint identifying the Doe defendants on the January 7, 2016 entry team. We talked about this at the telephonic preliminary pretrial conference and it was explained again in the preliminary pretrial conference order, but Bremel did not follow through. That's water under the bridge at this point, but it wouldn't hurt for Bremel to re-read the pretrial conference order to make sure that he understands what he's going to need to do and when he's going to need to do it in order to obtain the best available outcome in this lawsuit.

Entered this 15th day of October, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge