IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES K. BREMEL,

                Plaintiff,                              ORDER

   v.

                                                    17-cv-347-wmc

JOHN DOE PROPERTY SERGEANT, *et al.*,

                Defendants.

*Pro se* plaintiff James K. Bremel is proceeding against four remaining defendants on Eighth Amendment claims based on the treatment of his hand from January 2016 through January 2017.[1] Defendant Tanya Bonson, defendant Rebecca Tracy, and state defendants Beth Edge and Jolinda Waterman, have each filed a motion for summary judgment. (Dkt. ##32, 39, 44.) After Bremel failed to respond to her motion for summary judgment by the June 14, 2021, deadline, defendant Tanya Bonson filed a motion to supplement, arguing for dismissal of the claims against her due to failure to prosecute.[2] (Dkt. #45). On July 13, 2021, after having missed all the original response deadlines, the court gave Bremel until August 3, 2021, to file responses to the three pending motions for summary judgment, warning him that his failure to respond would cause the court to dismiss his claims in this lawsuit for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. #52.) That deadline has passed, and Bremel has neither responded to any of defendants' motions, nor contacted the court seeking an extension, regarding a change of address, or otherwise communicating an interest in pursuing his claims in this lawsuit.

---

[1] On January 23, 2020, the court consolidated Bremel's two related cases, case no. 17-cv-347-wmc and case no. 17-cv-348-wmc, and allowed him to proceed under case no. 17-cv-347-wmc. (Dkt. #4 at 14.) Unless otherwise noted, the docket citations are to case no. 17-cv-347-wmc.

[2] This motion was filed only in case no. 17-cv-348-wmc.

Defendants now jointly seek to stay case deadlines and ask that Bremel's claims against them be dismissed for failure to prosecute. (Dkt. #54.) Having received nothing from Bremel after giving him an additional opportunity to oppose defendants' motions, the court now finds it appropriate to dismiss his claims in this lawsuit with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"); *cf. James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (district court has inherent authority to dismiss a lawsuit *sua sponte* for failure to prosecute). Accordingly, defendants' motion to dismiss for failure to prosecute will be granted, and the court will deny as moot their request to stay deadlines and Bonson's motion to supplement.

## ORDER

IT IS ORDERED that:

1. Defendants' joint motion to stay deadlines and renewed motion to dismiss (dkt. #54) is GRANTED IN PART and DENIED IN PART.

2. Plaintiff James K. Bremel's claims are DISMISSED with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendant Tanya Bonson's motion to supplement filed in case no. 17-cv-348-wmc (dkt. #45) is DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Dated this 9th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge